IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRAHMA GROUP, INC.                       )
                                         )
                 Plaintiff,              )
                                         )
v.                                       )    Case No. 17-1076-JWB
                                         )
CARGILL MEAT SOLUTIONS CORP.,            )
                                         )
                 Defendant.              )

# **ORDER**

This diversity case arises from a payment dispute for construction work performed by the plaintiff, Brahma Group, Inc. ("BGI"), at defendant Cargill Meat Solutions Corporation's ("Cargill") Dodge City, Kansas beef-processing facility. BGI has filed a motion under Fed. R. Civ. P. 30(d)(1) seeking additional time to complete the deposition of Fred Wines, Cargill's project manager for BGI's work (ECF No. 55). Because the court finds good cause for the extension, the motion is granted, at least in part.

Cargill produced Mr. Wines for a deposition in this case on October 8, 2018. Although the deposition was scheduled to begin at 9:00 a.m., the deposition did not begin until 10:16 a.m. because "[BGI] was still in the process of compiling and preparing its exhibits."[1] During his deposition, Mr. Wines testified for approximately six hours and reviewed more than 140 exhibits. According to BGI, its counsel examined Mr. Wines about "his background, his relationship with [Cargill], the operation of the [Cargill]

---

[1] ECF No. 58 at 3.

Dodge City meat-packing facility, and his working relationship with BGI from late 2014 through the spring of 2016."[2] BGI now seeks an additional four hours to complete Mr. Wines' deposition, claiming it has "an additional 120 exhibits to discuss covering the remaining [four] months of the parties' working relationship."[3] Cargill opposes continuing the deposition, citing a lack of good cause, the significant travel required (either on the part of Mr. Wines or counsel), and disruption to Mr. Wines' schedule.

Fed. R. Civ. P. 30(d)(1) states,

> [u]nless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

As Cargill observes, the Advisory Committee Notes to this Federal Rule state that "[t]he party seeking a court order to extend the examination … is expected to show good cause to justify such an order." The scheduling order in this case (ECF No. 29) limited depositions to six hours.[4] Amendments to the scheduling order similarly require a showing of good cause.[5]

The court finds that given the fact-specific claims in this case, the duration of the events at issue, and the apparent importance and knowledge of Mr. Wines, some

---

[2] ECF No. 55 at 3.

[3] *Id.*

[4] The amended scheduling order (ECF No. 47) did not modify this time limit.

[5] *See* Fed. R. Civ. P. 16(b)(4). Cargill also notes that under Fed. R. Civ. P. 30(a)(2)(A)(ii), a party must obtain the court's leave to depose a person that has already been deposed in the case.

additional deposition time is justified. The record suggests, however, that had BGI's counsel been better organized, Mr. Wines' deposition might have been completed in a single day, as defense counsel presumably would have agreed to extend the deposition beyond the six-hour limit. Thus, although the court will allow the continued deposition, it shall be limited to two hours of testimony. Cargill shall determine whether the deposition is conducted in Dodge City or Wichita. The court, exercising its discretion, also will impose some site and cost-shifting conditions to ameliorate the inefficiency caused by the lack of preparation by BGI's counsel. *See* Fed. R. Civ. P. 26(c)(1)(B). Should the deposition be held in Dodge City, BGI shall pay the actual attorney fees and out-of-pocket expenses for defense counsel to travel (but not for the deposition itself). If the deposition is held in Wichita, BGI shall pay Mr. Wines' out-of-pocket travel expenses.

IT IS SO ORDERED.

Dated December 3, 2018, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge