# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRAHMA GROUP, INC.,

        Plaintiff,

v.

Case No. 17-1076-JWB-ADM

CARGILL MEAT SOLUTIONS CORP.,

        Defendant.

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Cargill Meat Solutions Corp.'s ("Cargill") Motion to Amend Cargill's Answer and for Leave to File Counterclaim (ECF No. 94). For the reasons discussed below, the court grants Cargill's motion.

## I. BACKGROUND

This case arises out of a payment dispute for construction work that Plaintiff Brahma Group, Inc. ("Brahma") performed in 2016 at a Cargill beef-processing plant located in Dodge City, Kansas. Brahma filed its complaint on April 4, 2017, and an amended complaint on September 14, 2017. Brahma asserts claims for breach of contract, unjust enrichment, account stated, and violation of the Kansas Fairness in Private Construction Contract Act ("KFPCCA"). (Am. Compl. (ECF No. 14).) Brahma also seeks to foreclose on a mechanic's lien. (*Id.*)

The scheduling order required the parties to file any motions for leave to amend the pleadings by April 6, 2018. (Sched. Order (ECF No. 29) ¶ 3(b).) Brahma timely filed an unopposed motion for leave to file a second amended complaint to clarify that it sought attorneys' fees under the KFPCCA. The court granted Brahma's motion, and Brahma filed its second amended complaint—the operative complaint in this action—on April 11, 2018. (*See* Second Am. Compl. (ECF No. 34).)

Well over a year after the deadline for filing a motion for leave to amend the pleadings, Cargill now seeks leave to file an amended answer that adds two affirmative defenses and asserts three counterclaims against Brahma. Cargill contends that it discovered in April 2019 forged signatures of Cargill employee Fred Wines on two Brahma invoices from 2016. Cargill had paid these invoices but disputed others for Brahma's work at the plant. Cargill alleges that, during negotiations between the parties to resolve payment disputes prior to litigation, a Brahma employee digitally copied Mr. Wines' signature onto the invoices. Brahma then allegedly presented the invoices with forged signatures to Cargill along with other documents, all in an effort to induce Cargill to make additional payments to Brahma. In light of these allegations, Cargill seeks to amend its answer to add the affirmative defenses of unclean hands and setoff, as well as to assert three counterclaims for (1) breach of the covenant of good faith and fair dealing, (2) fraud, and (3) negligent misrepresentation. Cargill believes these proposed counterclaims are compulsory.

## II. ANALYSIS

When the scheduling order deadline to file a motion to amend the pleadings has passed, the party seeking leave to amend must (1) demonstrate good cause for modifying the scheduling order under Federal Rule of Civil Procedure 16(b)(4), and (2) satisfy the standards for amendment under Rule 15(a). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Whether to grant a motion to amend is within the court's sound discretion. *See id.*

### A. Rule 16(b)(4)

A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). To establish good cause, the moving party must show that it could not have met the motion to amend deadline despite "diligent efforts." *Husky Ventures, Inc. v. B55*

*Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018). Because Rule 16 requires diligence, if a party knows of "the underlying conduct but simply failed to raise [its] claims, . . . the claims are barred." *Gorsuch*, 771 F.3d at 1240. On the other hand, "Rule 16's good cause requirement may be satisfied . . . if a [party] learns new information through discovery or if the underlying law has changed."

The parties do not address the April 6, 2018, scheduling order deadline for filing any motions for leave to amend the pleadings. Nor do they address the Rule 16 good cause standard for seeking leave to amend after that deadline. Nevertheless, the court finds that Cargill has satisfied the Rule 16 good cause standard. Cargill states that it did not learn until it retained a handwriting expert in April 2019 that Mr. Wines' signature was forged on the two invoices at issue. (Def.'s Mot. to Amend (ECF No. 94) ¶ 3.) Cargill promptly disclosed the forgery theory to Brahma when it timely served an expert report directed to that issue on May 8, 2019.

Thereafter, Cargill demonstrated a reasonable explanation for its further delay in filing the instant motion. The parties' rebuttal expert disclosure deadline was June 3, 2019. (Third Am. Sched. Order (ECF No. 29) ¶ (b).) Cargill states that it expected Brahma to either rebut the Cargill's handwriting expert's conclusion or otherwise provide a plausible explanation for the alleged forgeries. (*See* Def.'s Mot. to Amend (ECF No. 94) ¶ 3.) When Brahma did neither, Cargill proceeded to file the instant motion.

Cargill did not discover the alleged forgeries until approximately a year after the motion to amend deadline, and then it waited a short period of time to confirm that Brahma had no other explanation for the alleged forgeries prior seeking leave to amend. Brahma does not dispute the date of Cargill's discovery. As Cargill could not have met the April 6, 2018 motion to amend deadline because it was unaware of the alleged forgeries at that time, the court finds good cause for Cargill's failure to timely seek amendment.

**B.     Rule 15(a)**

Because Cargill has satisfied the Rule 16 good cause standard, the court now analyzes whether its proposed amendment should be allowed under Rule 15(a).[1] When a party can no longer amend its pleading as a matter of course under Rule 15(a)(1), amendment is allowed "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave [to amend pleadings] when justice so requires." *Id.* In freely allowing leave to amend, the court provides litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). A court may only withhold leave to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment."[2] *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

---

[1] Cargill contends that its proposed counterclaims are compulsory. (Def.'s Mot. to Amend (ECF No. 94) ¶ 7.) Brahma makes no argument otherwise. Pursuant to Rule 13(e), a court "may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading." Courts generally apply Rule 15(a)'s standard for granting leave to amend when determining whether to permit a party to file a supplemental pleading under Rule 13(e). *See, e.g.*, *Hyun Ju Shin v. Yoon*, No. 1:18-CV-0381-AWI-SKO, 2019 WL 1255242, at *4 (E.D. Cal. Mar. 19, 2019). The court notes, however, that because the language of Rule 13(e) is permissive, after-acquired compulsory counterclaims may be asserted in a separate lawsuit. *See Raytheon Aircraft Co. v. United States*, 532 F. Supp. 2d 1316, 1322 (D. Kan. 2008).

[2] The instant motion is Cargill's first seeking leave to amend. Therefore considerations regarding previous amendments do not apply here.

1. **Futility**

The court addresses futility considerations first because this is the only argument Brahma raises in any meaningful fashion. "A proposed amendment is futile if the [pleading], as amended, would be subject to dismissal." *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'r's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). Brahma argues that Cargill's proposed amendments would be subject to dismissal under Rule 12(b)(6). (Pl.'s Resp. (ECF No. 96) ¶ 4.) To withstand dismissal under that Rule, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In analyzing whether dismissal is appropriate, the court must "accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

Based on the record, the court cannot find that Cargill's proposed amendments are futile. Brahma contends that the proposed amendments are futile because Cargill has not suffered any damages as a result of the alleged forgeries. Brahma's theory is that the two invoices at issue were previously paid by Cargill and are not part of the group of invoices for which Brahma seeks payment in this lawsuit. (Pl.'s Resp. (ECF No. 96) ¶ 4.) Cargill, however, explains that it is disputing the amount of Brahma's overall aggregate claim because of confusion over how Brahma applied payments (*e.g.*, to the oldest invoices rather than specific invoices). (*See* Def.'s Reply (ECF No. 97), at 1-2.) Cargill also alleges that Brahma forged Mr. Wines' signature on the invoices at issue in an effort to induce Cargill to make additional payments on disputed invoices. (*See id.*) The proposed amendments—affirmative defenses for unclean hands and offset, and three

counterclaims—essentially seek a "credit" for Cargill making these payments against any balance that may be due to Brahma.

Brahma has not identified any defect with Cargill's proposed amended pleading that would result in dismissal under Rule 12(b)(6). Accepting the facts alleged in Cargill's counterclaims as true and viewing them in the light most favorable to Cargill, the court finds that Cargill has stated plausible claims for relief. The court therefore will not deny Cargill's proposed amendment on the basis of futility.

### 2. Undue Prejudice

As the Tenth Circuit has observed, the most important factor in considering a motion to amend is "whether the amendment would prejudice the nonmoving party." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006). Typically, a court will find prejudice only where allowing the amendment would unfairly affect a party's ability to prepare a defense to the claims in the amended pleading. *See id.* Where proposed amended claims "arise out of a subject matter different from what was set forth in the [original pleading] and raise significant new factual issues," granting a motion to amend may result in undue prejudice. *Id.*

Brahma does not claim that it would be unduly prejudiced if the court allowed Cargill's proposed amendment. Indeed, Brahma already had the opportunity to prepare a defense to Cargill's proposed amendment—as evidenced by Brahma's futility argument, discussed above. Brahma's rebuttal expert analyzed the invoices at issue and concluded that they are irrelevant to Brahma's claims and damage computation. (*See* Pl.'s Resp. (ECF No. 96) ¶ 3.) Brahma does not suggest that it would require any additional discovery on Cargill's new affirmative defenses and counterclaims. Similarly, Cargill states that it does not require further discovery and that the case can proceed as scheduled to the final pretrial conference. (Def.'s Reply (ECF No. 97), at 3.) Based

6

on this record, the court cannot find that Brahma would be unduly prejudiced by the proposed amendment.

### 3. Undue Delay, Bad Faith, or Dilatory Motive

A court may deny leave to amend "when the party filing the motion has no adequate explanation for the delay" in seeking the amendment. *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993). However, "[l]ateness does not of itself justify the denial of the amendment." *Minter*, 451 F.3d at 1205. Here, as discussed above, Cargill has an adequate explanation for seeking to amend its pleading in the weeks before the final pretrial conference. The court therefore cannot conclude that Cargill unduly delayed in seeking the proposed amendment.

Brahma's only argument to the contrary is a cursory observation that Cargill has "repeatedly requested delays in the schedule," and allowing Cargill's amendment will "only operate to unduly delay this matter." (Pl.'s Resp. (ECF No. 96) ¶ 5.) But Brahma does not articulate any cogent argument as to why the amendment will cause any further delays. To the contrary, as discussed above, neither party contends that any additional discovery will be required on Cargill's new affirmative defenses or counterclaims. Consequently, the case will continue as scheduled. Furthermore, the court notes that both parties have sought extensions of the scheduling order deadlines. It does not appear that Cargill is seeking to amend its pleading for bad faith or dilatory reasons.

## III. CONCLUSION

Given Rule 15(a)'s liberal policy favoring amendments, as well as Cargill's concern that the alleged forgeries give rise to compulsory counterclaims, the interests of justice and judicial

economy require that these issues be litigated on the merits in this lawsuit. The court will therefore grant Cargill leave to file its amended answer and counterclaims.

Accordingly,

**IT IS THEREFORE ORDERED** that defendant Cargill Meat Solutions Corp.'s Motion to Amend Cargill's Answer and for Leave to File Counterclaim (ECF No. 94) is granted.

**IT IS FURTHER ORDERED** that Cargill shall file its amended answer and counterclaims on or before July 1, 2019.

**IT IS SO ORDERED.**

Dated June 28, 2019, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
